James Weiler, AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com

Attorney for Plaintiff
Neftali Smith

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Neftali Smith**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **The Money Source, Inc.**, a New York Corporation, | |
| Defendant. | **(Jury Trial Requested)** |

Plaintiff Neftali Smith ("**Plaintiff**"), for her Complaint against Defendant The Money Source, Inc. ("**Defendant**") hereby alleges as follows:

## **PARTIES**

1.  Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2.  Upon information and belief, Defendant The Money Source, Inc. is a New York Corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

**JURISDICTION AND VENUE**

3. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq.* and the Family and Medical Leave Act, 29 U.S.C.A. § 2601, *et. seq.* ("**FMLA**").

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff was, at all relevant times, an employee of Defendant within the meaning of the ADA and the FMLA.

7. At all relevant times, Defendant has continuously been an employer within the meaning of the ADA and the FMLA.

8. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

9. Personal jurisdiction in this Court is proper.

10. Venue in this Court is proper.

**FACTUAL ALLEGATIONS**

11. Defendant is a mortgage lender and finance company operating throughout the United States of America. At all times relevant, Defendant had offices located in

Phoenix, Arizona.

12. At all times relevant, Plaintiff was an employee of Defendant in the Arizona office. Plaintiff held the title of Customer Ally.

13. At all times relevant, Plaintiff had a disability that substantially limited a major life activity.

14. At all times relevant, Plaintiff was qualified to perform the essential functions of her position with or without a reasonable accommodation.

15. At all times relevant, Plaintiff performed her job duties at or above a satisfactory level.

16. In June of 2019, Plaintiff experienced exacerbated symptoms relating to her disability while she was at work.

17. In June of 2019, Plaintiff's treating physician ordered Plaintiff to utilize FMLA leave to manage and obtain treatment for her condition.

18. While applying for FMLA, Defendant insinuated to Plaintiff that she was attempting to fabricate her disability and abuse FMLA leave. Defendant even took the step of sending her to a physician of the Defendant's choosing for a second opinion, for which the medical bills were not timely paid by the Defendant.

19. In July of 2019, Defendant finally approved Plaintiff's request for FMLA leave.

20. On July 26, 2019, Defendant's Human Resources Representative, Christina Bartucca, accused Plaintiff of "playing games and trying to set [Defendant] up" with her use of FMLA protected medical leave. Ms. Bartucca issued Plaintiff a write-up for allegedly failing to follow proper call out procedures.

21. In November of 2019, Plaintiff sought to take further medical leave and the Defendant again retaliated against her by issuing her baseless discipline and denying her bonuses.

22. In January 2020, Plaintiff was denied a bonus because of her disability and use of FMLA leave.

23. On January 20, 2020. Plaintiff was hospitalized in order to receive medical treatment for her disability.

24. Plaintiff was unable to communicate with the Defendant due to not having access to her phone while hospitalized. Plaintiff's husband informed Defendant, via email on January 20, 2020, that she would be in the hospital and unable to return to work for the remainder of the week. Plaintiff's husband requested that Defendant advise him of any additional information or documentation that Defendant would need.

25. On January 24, 2020, Plaintiff informed Defendant via email that she was applying for short term disability leave through Defendant's benefits provider CIGNA and that CIGNA was waiting on a response from Defendant before approving her disability leave.

26. Defendant did not respond to Plaintiff's January 24, 2020 email and request for assistance with obtaining approval for disability leave through CIGNA.

27. Plaintiff was approved for and began receiving short-term disability benefits, effective January 28, 2020, through the end of February 2020.

28. On February 5, 2020, Defendant terminated Plaintiff's employment claiming she was a "no call, no show" and had abandoned her job.

29. At no point prior to February 5, 2020, did Defendant attempt to contact

Plaintiff regarding her medical condition or short-term disability application.

30. Prior to February 5, 2020, Defendant did not attempt to engage in the interactive process with Plaintiff.

31. Upon information and belief, Plaintiff was terminated because of her disability and the use of medical leave to receive treatment.

32. As a result, Plaintiff was damaged in an amount to be proven at trial.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

33. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

34. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

35. Plaintiff has an impairment that substantially limits a major life activity.

36. Plaintiff suffers from a disability which is a disability as defined by the ADA.

37. Defendant is an employer under the ADA.

38. Defendant knew of or reasonably should have known that Plaintiff had a disability.

39. At all relevant times, Plaintiff was qualified to perform the essential functions of her position with or without a reasonable accommodation.

40. Defendant failed to engage in the interactive process with Plaintiff.

41. Defendant discriminated against Plaintiff by issuing her discipline for using medical leave and denying her bonuses.

42. Defendant discriminated against Plaintiff by terminating her due to her

disabilities.

43. Defendant treated Plaintiff disparately as compared to other similar situated non-disabled employees because of her disability.

44. Plaintiff's disability was at the very least a motivating factor in Defendant's discriminatory conduct.

45. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, denial of bonuses and termination of employment.

46. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

47. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

48. The ADA prohibits retaliation or discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

49. Plaintiff engaged in protected activity by objecting to discrimination in the workplace, requesting reasonable accommodations pursuant to the ADA and exercising her rights to take medical leave to treat for her condition.

50. Defendants retaliated against Plaintiff by subjecting her to unwarranted discipline, creating a hostile work environment, denying her bonuses, and terminating her employment.

51. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of

employment.

52. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

53. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

54. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA 29 U.S.C. § 2615 *et seq*.

55. Defendant employs more than 50 employees and as such, are an employer for purposes of FMLA, subject to FMLA requirements.

56. Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

57. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

58. Plaintiff provided sufficient notice of her need to take leave under the FMLA.

59. Plaintiff exercised her rights to take leave under the FMLA.

60. Defendants interfered with Plaintiff's medical leave by denying her bonuses, issuing her baseless written discipline, creating a hostile work environment, and terminating her employment.

61. Defendants terminated Plaintiff because of her use of FMLA protected medical leave.

62. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of her employment.

63. As a result, Plaintiff was damaged.

64. Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FMLA

65. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

66. Defendants employ more than 50 employees and as such, are an employer for purposes of the FMLA, subject to FMLA requirements.

67. Plaintiff was an "eligible employee" and entitled to take leave pursuant to the FMLA.

68. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

69. Plaintiff exercised her rights under the FMLA.

70. Pursuant to the FMLA, employers are barred from discharging or in any other way discriminating against employees for exercising their rights under the Act. See 29 U.S.C. § 2615 *et seq*

71. Defendants retaliated against Plaintiff by, *inter alia*, by denying her bonuses, issuing her baseless written discipline, creating a hostile work environment, and terminating her employment.

72. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions as set forth above.

73. There was a causal connection between Plaintiff's protected activity pursuant to the FMLA and the adverse employment action taken against her by Defendant.

74. As a result, Plaintiff was damaged.

75. Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Declare the acts and practices of Defendant complained of herein violations of the ADA and the FMLA;

B. An award of damages for all counts in an amount to be proven at trial;

C. An award of compensatory, and punitive damages in an amount to be proven at trial;

D. An award of liquidated damages in an amount to be proven at trial.

E. An award of back pay and front pay (deferring to Title VII remedial structure allowing award of back pay and other equitable relief (*see* 42 U.S.C. § 2000e-5(g)(1));

F. Pre- and post-judgment interest;

G. Reasonable attorneys' fees, costs and other expenses; and

H. Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on July 16, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorney for Plaintiff Neftali Smith